UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OEG BUILDING MATERIALS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER OAK FIRE INSURANCE CO., *et al.*, <br><br> Defendants. | Civil Action No. 21-3613 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court on Defendants Charter Oak Fire Insurance Company and Traveler's Indemnity Company's (collectively, "Defendants") Motion to Dismiss Plaintiffs OEG Building Materials Inc. and 6001 Bordentown Ave, Sayreville, NJ's (collectively, "Plaintiffs") Complaint under Federal Rule of Civil Procedure[1] 12(b)(6). (ECF No. 7.) Plaintiffs opposed (ECF No. 12), and Defendants replied (ECF No. 13). For the reasons set forth below, the Court grants Defendants' Motion.

**I.    BACKGROUND**

This case is another in a long line of insurance coverage disputes arising from the COVID-19 pandemic. To combat the rising spread of COVID-19, New Jersey Governor Philip Murphy issued Executive Order No. 122 on April 8, 2020, directing the closure of many non-essential businesses and construction projects. (Defs.' Moving Br Ex. C, at *202-04, ECF No. 7-3.)[2]

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.
[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

Consequently, Plaintiffs—commercial and residential steel manufacturers and distributors—suspended their businesses. (Notice of Removal, Ex. A[3] ¶¶ 12-13, ECF No. 1.)

Defendants are insurance companies with which Plaintiffs had a policy agreement (the "Policy"). (*Id.* at ¶¶ 5-8.) The Policy provided coverage for losses and expenses incurred when the business is suspended due to physical loss of or damage to the property (the "Physical Loss Provision") and "the actual loss of Business Income . . . and the actual Extra Expense [Plaintiff] incur[s] caused by action of civil authority that prohibits access to the described premises proved that . . . [a]ccess to the area . . . is prohibited by civil authority as a result of the damage." (the "Civil Authority Provision"). (Defs.' Moving Br., Ex. A at *65-66, ECF No. 7-3) The Policy also contained a "Virus or Bacteria Exclusion," under which Plaintiffs would be denied coverage for any losses "caused directly or indirectly by any . . . virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness, or disease." (*Id.* at *44-46.) Due to their business suspension, Plaintiffs filed a claim under the Policy, which Defendants denied. (Compl. ¶ 15.)

On December 29, 2020, Plaintiffs filed the instant action in state court against Defendants, seeking a judgment declaring that "the Plaintiffs' losses incurred in connection with the Executive Order and the necessary interruption of Plaintiff's [sic] business stemming from COVID-19, are insured under the policy." (*Id.* ¶ 36.) Defendants removed to this Court and then filed the instant Motion. (ECF Nos. 1, 7-1.) Plaintiffs opposed, and Defendants replied. (ECF Nos. 12, 13.)

## II.   **LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

---

[3] Notice of Removal, Ex. A will hereinafter be referred to as "Compl."

under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 239 F.3d 361, 374 n.7 (3d Cir. 2002)). The plaintiff's claim must be facially plausible to survive a motion to dismiss, such that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). But the pleadings must rise beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp*, 550 U.S. at 555 (citation omitted).

## III.  DISCUSSION

Defendants argue that this Court must dismiss Plaintiffs' claims because they "ignore the material terms of the insurance policy"—namely, the Virus or Bacteria Exclusion. (Defs.' Moving Br. 1-2, ECF No. 7-1.) The Court agrees.

Under New Jersey law,[4] the determination of "the proper coverage of an insurance contract is a question of law." *Buczek v. Cont'l Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (citation omitted). "In attempting to discern the meaning of a provision in an insurance contract, the plain language is ordinarily the most direct route." *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008) (citation omitted). "If the language is clear, that is the end of the inquiry." *Id.* (citation omitted).

Here, the Policy contains an exclusion specifically providing that "[Defendants] will not pay for loss or damage caused directly or indirectly by any . . . virus, bacterium, or other microorganism that induces or is capable of inducing physical distress, illness, or disease." (Defs.'

---

[4] New Jersey law applies because the Policy insures property in New Jersey. (Defs.' Moving Br., Ex. A at *12, ECF 7-3); *Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 2000 WL 35572338, at *10 (D.N.J. June 6, 2000) ("A federal district court sitting in diversity must apply the choice-of-law principles of the forum state." (citation omitted)).

Moving Br., Ex. A at *44-46, ECF 7-3.) Plaintiffs counter that "the Virus [and Bacteria E]xclusion is inapplicable to the instant motion" because the basis for declaratory relief lies in Governor Murphy's Executive Order rather than in the virus itself. (Pls.' Opp'n Br. 6, ECF No. 12.) The distinction is unavailing and immaterial.

The causal argument is unavailing because when "there is a conflict as to whether, for coverage purposes, losses should be considered to be 'caused by' an excluded peril, the New Jersey courts employ the efficient proximate cause test, which is sometimes referred to as the Appleman's Rule." *Causeway Auto., LLC v. Zurich Am. Ins. Co.*, No. 20-8393, 2021 WL 486917, at *5 (D.N.J. Feb. 10, 2021) (quoting *N.J. Transit Corp. v. Certain Underwriters at Lloyd's London*, 221 A.3d 1180, 1192 (N.J. Super. Ct. App. Div. 2019)). Plaintiffs' argument fails under the Appleman Rule because, as Chief Judge Wolfson reasoned when confronted with the same argument,

> [the p]laintiffs' argument, however, erroneously focuses on the sequence of events that lead to the issuance of the Executive Orders, as opposed to what, in fact, was the predominant cause of their losses. The Executive Orders were issued for the sole reason of reducing the spread of the virus that causes COVID-19 and would not have been issued but for the presence of the virus in the State of New Jersey. In that regard, the "but for" cause of [the p]laintiffs' losses was COVID-19—the Executive Orders and the virus are so inextricably connected that it is undeniable that the Orders were issued because the virus.

*Id.* at *6 (internal citation omitted) (finding the COVID-19 virus to be the proximate cause of the plaintiffs' loss and granting the insurer-defendants' Motion to Dismiss).

Regardless, Plaintiffs' argument about the direct cause of their business suspension is immaterial because the Policy states "[Defendants] will not pay for loss or damage caused directly *or indirectly* by" viruses or bacteria. (Defs.' Mot., Ex. A at *44) (emphasis added). To be sure, in the past year, many nearly identical virus exclusion provisions have been interpreted by this and other courts, "the vast majority of which have concluded that these provisions bar coverage for alleged loss due to closure orders." *See In the Park Savoy Caterers LLC v. Selective Ins. Grp.*, No.

4

20-6869, 2021 WL 1138020, at *3 n.5 (D.N.J. Feb. 25, 2021) (granting the defendant's motion to dismiss with prejudice); *Salon Dare, Inc. v. Sentinel Ins. Co.*, No. 20-9616, 2021 WL3472648, at *2-3 (D.N.J. Aug. 6, 2021) (Shipp, J.) (granting the defendant's motion for judgment on the pleadings and dismissing the plaintiff's complaint with prejudice); *N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co.*, 499 F. Supp. 3d 74, 79 (D.N.J. 2020) ("There is no doubt that COVID-19, a virus, caused Governor Murphy to issue the Executive Order mandating closure of [the plaintiff's business]. Therefore, COVID-19 is still a cause of the closure because the Virus Exclusion *specifically provides for such indirect causation.*"); *Mac Prop. Grp., LLC v. Selective Fire & Cas. Ins. Co.*, No. L-2629-20, 2020 WL 7422374, at *8 (N.J. Super. Ct. Law Div. Nov. 5, 2020) (dismissing Plaintiff's claim with prejudice because "[s]ince the virus is alleged to be the cause of the governmental action, and the governmental action is asserted to be the cause of the loss, [the] plaintiff cannot avoid the clear and unmistakable conclusion that the coronavirus was the cause of the alleged damage or loss."). The language of the Policy and the case law is clear. The Court thus finds Plaintiffs' other claim—that the Policy is ambiguous, thereby precluding a decision on a Motion to Dismiss—unnecessarily obfuscating and unconvincing. (Pls.' Opp'n Br. ¶ 7.)

Plaintiffs' remaining arguments are immaterial. Plaintiffs argue that (1) COVID-19 caused a "physical loss" of the property, thereby invoking the Physical Loss Provision and (2) Governor Murphy's Executive Order invoked the Civil Authority Provision. The Policy already provides that any coverage exclusions expressed therein (i.e., the Virus or Bacteria Exclusion) apply to all direct or indirect causes of loss or damage to the property "regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage." (Defs.' Moving Br., Ex. A at *44, ECF 7-3.) "Courts have read such language to mean that losses from COVID-19 closures are covered by the virus exclusion because COVID-19 could still be considered an indirect or sequential cause." *Eye Care Ctr. Of N.J., PA v. Twin City Fire Ins. Co.*, No. 20-05743, 2021 WL

5

457890, at *4 (D.N.J. Feb. 8, 2021). Plaintiffs freely admit that COVID-19 caused any loss of property and for the reasons already discussed above, COVID-19 caused Governor Murphy's Executive Order. The Virus or Bacteria Exclusion supersedes both provisions.

## IV.     CONCLUSION

Based on the foregoing, the Court reaches the same conclusion as several other courts and finds that the Virus or Bacteria Exclusion unambiguously bars coverage for Plaintiffs' claims. Accordingly, for the reasons set forth above, and for other good cause shown, Defendants' Motion to Dismiss is granted with prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

s/Michael Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
